UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JANET DEMONTE, *on behalf of herself
and all others similarly situated*,

    Plaintiff,

v.

HAYT, HAYT & LANDAU, P.L.,
*a Florida Professional Limited Liability Company,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. On behalf of herself and the putative class, Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq*. ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, Janet Demonte ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

4. Defendant, Hayt, Hayt & Landau, P.L. ("Defendant") is a Florida Professional Limited Liability Company and law firm engaged in the business of collecting consumer debts through litigation, which operates from offices located at 7765 S.W. 87th Avenue, Suite 101, Miami, Florida 33173.

1

5. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

6. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

7. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect a consumer debt from Plaintiff arising from a judgment derived from an alleged delinquency on a HSBC credit card. The credit card was not used for any commercial purpose. The debt was incurred primarily for personal, household or family use.

9. On or about June 30, 2011, Portfolio Recovery Associates, LLC, was assigned or purchased the alleged debt.

10. On or about January 15, 2014, Defendant initiated a lawsuit on behalf of Portfolio Recovery Associates, LLC, against Plaintiff, In The County Court In And For Saint Lucie County, Florida, bearing case number 2014CC000132.

11. A Final Summary Judgment was entered against Plaintiff on August 20, 2014.

12. On or about November 12, 2014, Defendant mailed a letter to Plaintiff seeking payment of the alleged debt. (The "Demand Letter" attached hereto as "Exhibit 1").

13. The Demand Letter states in part: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

14. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

15. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. The Demand Letter did not contain the "Validation Notice" required by *15 U.S.C. §1962g(a)*.

17. Over five days passed have since Plaintiff received Defendant's Demand Letter and Defendant has not provided Plaintiff with the Validation Notice required by *15 U.S.C. §1692g(a)*.

3

18. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

19. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom letters were sent that constituted an initial communication (iii) by Defendant (iv) who within five (5) days of the receiving the letter were not provided with the validation notice required by *15 U.S.C. §1692g(a),* (v) which were not returned undelivered by the U.S. Post Office (vi) in an attempt to collect a debt incurred for personal, family, or household purposes (vii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

20. Plaintiff alleges on belief based upon the Defendant's use of the demand letters sent to consumers, that the Class is so numerous that joinder of all members of the Class is impractical. At a minimum, Plaintiff believes the Class to be several dozen members within the State.

21. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member is that each was sent a letter constituting an initial communication by Defendant who within five (5) days of receiving the letter were not provided with the validation notice required by *15 U.S.C. §1692g(a)*. The principal legal issue is whether Defendant's failure to send the validation notice required by *15 U.S.C. §1692g(a)* within five (5) days of an initial communication in regard to the collection of a consumer debt violates the *FDCPA*.

22. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## VIOLATION OF *15 U.S.C. §§ 1692g(a)*

26. Plaintiff re-alleges Paragraphs 1 through 18.

27. After an initial communication with Plaintiff, pursuant to *15 U.S.C §1692g(a)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

5

>    (1) the amount of the debt;
>    (2) the name of the creditor to whom the debt is owed;
>    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant sent a Demand Letter to Plaintiff on behalf of Portfolio Recovery Associates, LLC, in an attempt to collect a consumer debt, namely to collect a judgment on a past due balance on an HSBC credit card.

29. Pursuant to the *FDCPA,* the Demand Letter is an initial communication between Defendant and Plaintiff.

30. Defendant within five (5) days of the initial communication did not send the Plaintiff the validation notice required by *15 U.S.C. §1692g(a).*

31. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

32. As a result of Defendant's Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying this matter as a Class action and appointment of Janet Demonte as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. § 1692k*;

d. Attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: December 29, 2014.                    Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.234.5150
Facsimile: 772.234.5132
lwd@verobeachlegal.com

*Attorney for Plaintiff*